Keely E. Duke
ISB # 6044; ked@dukescanlan.com
Kevin A. Griffiths
ISB # 8187, kag@dukescanlan.com
DUKE SCANLAN & HALL, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone (208) 342-3310
Facsimile (208) 342-3299

*Attorneys for Plaintiff*
V:\Client Files\14\14-085 Evanston v. Bosski\DJ Complaint.docx

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, an Illinois corporation, | |
| Plaintiff, | Case No. _____ |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| BOSSKI, Inc., an Idaho corporation; and COLUMBIA RIVER MOTO-SPORTS, Inc., an Oregon corporation, | |
| Defendants. | |

Plaintiff, EVANSTON INSURANCE COMPANY ("EVANSTON"), through its

attorneys of record, DUKE SCANLAN & HALL, PLLC, for their Complaint for declaratory

relief, allege as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL – 1

## INTRODUCTION

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202. Plaintiff seeks this Court's determination concerning the respective rights and obligations of the parties under an insurance policy issued to Bosski, Inc. ("Bosski"), in connection with an underlying action.

2.      An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the subject insurance policy is necessary and appropriate.

## JURISDICTION

3.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a).

4.      Plaintiff EVANSTON is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at Ten Parkway North, Deerfield, Illinois. EVANSTON is a non-admitted surplus lines carrier in the State of Idaho and regularly places insurance policies within this District through licensed surplus lines brokers.

5.      Defendant Bosski is a corporation organized under the laws of the State of Idaho, having its principal place of business at 5015 Aviation Way, Caldwell, Idaho.

6.      Defendant Columbia River Moto-Sports, Inc. ("Columbia") is a corporation organized under the laws of the State of Oregon and having its principal place of business at 58245 Columbia River Highway, St. Helens, Oregon.

7.      No defendants are domiciled in the State of Illinois.  EVANSTON and defendants

COMPLAINT AND DEMAND FOR JURY TRIAL – 2

are, therefore, citizens of different states and this Court has original jurisdiction over this civil action based upon diversity of citizenship under 28 U.S.C. § 1332(a).

8.     The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## VENUE

9.     In this action, EVANSTON seeks a declaration of the parties' rights and liabilities with respect to insurance coverage for Bosski in an underlying lawsuit captioned *Paul Macy v. Bosski, Inc. and Columbia Moto-Sports, Inc.*, Case No. 14-CV-0150, which is pending in the Circuit Court of Oregon, Deschutes County, arising out of injuries allegedly sustained by an individual while unloading an ATV from his pick-up truck when a Bosski 72" RevArc ATV loading ramp allegedly failed, causing the ATV to tip (the "Underlying Action").  A true copy of the complaint in the Underlying Action is annexed hereto as Exhibit "A."

10.     Venue in this District is proper, pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events, acts, or omissions giving rise to the asserted claim took place in this District.

## NATURE OF CONTROVERSY

11.     EVANSTON issued a General Liability (Including Products and Completed Operations Liability) Insurance policy to Bosski under policy SP-858308 on a claims-made basis for the consecutive one-year periods from September 20, 2011 to September 20, 2012 (the "2011/2012 Policy") and September 20, 2012 to September 20, 2013 (the "2012/2013 Policy"; collectively, "the Policies").  True copies of the Policies are annexed hereto as Exhibit "B."

12.     The Policies contain the following Insuring Agreement:

COMPLAINT AND DEMAND FOR JURY TRIAL – 3

A.   **Coverage A. – Bodily Injury and Property Damage Liability**:  The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in Item 5. of the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period or during the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision, for Bodily Injury or Property Damage to which this Insurance applies caused by an Occurrence, provided:

1.   the entirety of such Bodily Injury or Property Damage and Occurrence happens during the Policy Period or on or after the Retroactive Date stated in Item 7. of the Declarations; and

2.   such Bodily Injury or Property Damage arises out of only those products, goods, operations or premises specified in Item 6. of the Declarations.

*      *      *

13.   The Policies contain the following definitions:

*      *      *

**Advertisement** means a commercial communication, including communications that are published material placed on the Internet or on similar electronic means of communication, that is broadcast or published about the products, goods or operations of the Named Insured for the purpose of promoting the sale or use of such products, goods or operations; provided, however, only that part of a website that is about the products, goods or operations of the Named Insured for purposes of promoting such products, goods or operations is considered and Advertisement.

**Advertising Injury** means injury, including consequential Bodily Injury, arising out of oral or written publication of material that libels or slanders a person or organization or a person's or organization's products, goods or operations or other defamatory or disparaging material, occurring in the course of the Named Insured's Advertisement.

*      *      *

**Bodily Injury** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*      *      *

**Claim** means a notice received by the Insured of an intention to hold the Insured responsible for:  (1) a Bodily Injury; (2) a Property Damage; (3) an Advertising

COMPLAINT AND DEMAND FOR JURY TRIAL – 4

Injury; or (4) Personal Injury; involving this policy and shall include the service of suit or institution of arbitration proceedings against the Insured.

\* \* \*

**Damages** means the monetary portion of any judgment, award or settlement; provided, however that Damages shall not include: (1) multiplied portions of damages in excess of actual damages, including trebling of damages; (2) taxes, criminal or civil fines, or penalties imposed by law; (3) sanctions; (4) matters which are uninsurable under the law pursuant to which this policy shall be construed; or (5) the return of or restitution of fees, profits or charges for services rendered.

\* \* \*

**Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions;

**Personal Injury** means injury, including consequential Bodily Injury, arising out of one or more of the following offenses:

1.   false arrest, detention or imprisonment or malicious prosecution;

2.  wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; or

3.  oral or written publication of material that violates a person's right of privacy.

**Property Damage** means:

1.     physical injury to or destruction of tangible property, including consequential loss of use thereof; or

2.     loss of use of tangible property which has not been physically injured or destroyed; provided, however, such loss of use is caused by an Occurrence.

\* \* \*

14.     Section CLAIMS "A. Claims Reporting Provision" of the Policies provides as follows:

     A.     **Claims Reporting Provision:**  The Insured shall give to the Company written notice as soon as practicable of any Claim first made against the Insured during the Policy Period or the Extended Reporting Period, if exercised.

COMPLAINT AND DEMAND FOR JURY TRIAL – 5

> In the event suit is brought against the Insured, the Insured shall immediately forward to Markel Service, Incorporated, Ten Parkway North, Deerfield, Illinois, 60015, on behalf of the Company, every demand, summons or other process received by him/her or by his/her representatives.

> \*        \*        \*

13.     EVANSTON seeks a declaration that it has no duty to defend or indemnify Bosski for the Underlying Action because the above-quoted policy wording bars coverage under both Policies.

## The Underlying Action

14.     The Underlying Action involves a lawsuit brought by an individual, Paul Macy, who alleges that he suffered injuries while unloading an ATV from his pick-up truck when a Bosski 72" RevArc ATV loading ramp allegedly failed, causing the ATV to tip over.  Macy first made a claim against Bosski on April 5-6, 2012, when Macy telephoned Bosski seeking a monetary settlement for his injuries.  A copy of Bosski's contemporaneous notes and emails memorializing the April 5-6, 2012 phone conversations are annexed hereto as Exhibit C.     As such, the claim was first made against Bosski during the 2011/2012 Policy period.

15.     Bosski did not reach a settlement with Macy and Macy's attorney issued a letter to Bosski dated November 11, 2013, alleging that Macy sustained unspecified serious, permanent injuries on March 21, 2012 "as a result of [Bosski's] negligence in the design and selling of a 72" RevArc ATV loading ramp" and reiterating the demand for a monetary settlement.   A copy of the November 11, 2013 letter is annexed hereto as Exhibit D.

16.     Bosski advised EVANSTON of this claim for the first time by email dated November 15, 2013, nineteen moths after the claim was first made, when the attorney's letter

COMPLAINT AND DEMAND FOR JURY TRIAL – 6

was forwarded to EVANSTON via the broker.  A copy of the November 15, 2013 email is annexed hereto as Exhibit E.

17.     Thereafter, Macy commenced the underlying lawsuit against Bosski, which complaint was served on Bosski on or about March 6, 2014.   (See Exhibit A.)  The Underlying Action asserts two causes of action for, or otherwise seeks damages based upon, negligence and strict products liability in the design, manufacture, construction and sale of the ATV ramp product.

18.     EVANSTON is presently providing Bosski with a defense in the Underlying Actions subject to a reservation of rights to disclaim coverage and withdraw from the defense.

19.     EVANSTON has advised Bosski that no coverage is available for the claims in the Underlying Action under the 2012/2013 policy because the claim was not first made during that policy period; and denying coverage under the 2011/2012 policy based on late notice.  A copy of the coverage letter is annexed hereto as Exhibit F.

## COUNT ONE
### (Declaratory Judgment)

20.     EVANSTON repeats and realleges each and every allegation set forth in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21.     EVANSTON seeks this Court's determination, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, concerning the respective rights and obligations of the parties under the Policy in connection with the Underlying Action.

22.     An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations under the Policy is necessary and appropriate.

COMPLAINT AND DEMAND FOR JURY TRIAL – 7

23.     The Underlying Action, which claim was first made against Bosski on April 5-6, 2012, alleges that the ATV ramp allegedly designed, manufactured and sold by Bosski was defective, causing an ATV to tip over during unloading and injuring Macy.

24.     The Underlying Action seeks monetary damages first requested from Bosski on April 5-6, 2012, based on the allegations that Bosski was negligent and/or should be held strictly liable for the design, manufacture and sale of the defective product.

25.     The Insuring Agreement of both Policies requires that "claim" be first made during the policy period and defines "claim" as "a notice received by the Insured of an intention to hold the Insured responsible for: (1) a Bodily Injury; (2) a Property Damage; (3) an Advertising Injury; or (4) a Personal Injury; involving this policy and shall include the Service of Suit or institution of arbitration proceedings against the Insured."

26.     The Macy claim was first made against Bosski on April 5-6, 2012, which was during the 2011/2012 Policy period, not the 2012/2013 Policy period.

27.     Section CLAIMS "A. Claims Reporting Provision" of the Policies also requires that the insured "shall give to the Company written notice as soon as practicable of any Claim first made against the Insured during the Policy Period or the Extended Reporting Period, if exercised."

28.     Notice of the Underlying Action, which was not first given to EVANSTON until nineteen months after the claim was in fact first made, was late in violation of the Claims A. Claims Reporting Provision of the Policies.

29.     EVANSTON has no obligation to defend or pay claims to which the insurance does not apply.

30.     By reason of the foregoing, EVANSTON is not obligated to defend Bosski in the

COMPLAINT AND DEMAND FOR JURY TRIAL – 8

Underlying Actions under the 2011/2012 policy based on Bosski's breach of the notice condition in the 2011/2012 Policy, or under the 2012/2013 Policy because the claim was not first made during that policy period.

31.     By reason of the foregoing, EVANSTON is not obligated to indemnify Bosski in the Underlying Action under either of the Policies.

## COUNT TWO
### (Recoupment)

32.     EVANSTON repeats and realleges each and every allegation set forth in paragraphs "1" through "31" of this Complaint as if fully set forth at length herein.

33.     EVANSTON is providing Bosski with a defense in the Underlying Actions although Plaintiff has determined that there is no coverage by virtue of Bosski's breach of the notice condition of the 2011/2012 Policy vitiating any coverage that otherwise could have existed.

34.     By reason of the foregoing, upon a finding of no coverage, EVANSTON is entitled to recoup defense costs it incurred in the Underlying Action.

## JURY DEMAND

35.     EVANSTON demand trial by jury on all issues herein.

**WHEREFORE**, Plaintiffs demand judgment as follows:

## DECLARATION

1)    The claim in the Underlying Action was first made against Bosski during the 2011/2012 Policy period thus no coverage exists under the 2012/2013 Policy;

COMPLAINT AND DEMAND FOR JURY TRIAL – 9

2)  First notice of the Underlying Action to EVANSTON in November 2013 was late in violation of the 2011/2012 Policy's CLAIMS A. Claims Reporting Provision, thus no coverage exists under the 2011/2012 Policy.

3)  Plaintiff is not obligated to defend Bosski with respect to the Underlying Action;

4)  Plaintiff is not obligated to indemnify Bosski with respect to the Underlying Action;

5)  Plaintiff is entitled to recoup defense costs incurred in the Underlying Action; and

6)  Such other relief as the Court deems just and proper, together with reasonable attorneys' fees, costs and disbursements in this action.

DATED this 6th day of June, 2014,

> /s/ Keely E. Duke
> Keely E. Duke
> Kevin A. Griffiths
> DUKE SCANLAN HALL, PLLC
> *Attorneys for Plaintiff Evanston Insurance Company*
> 1087 W. River Street, Suite 300
> Boise, Idaho 83702
> Telephone:  (208) 342-3310