UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, and Illinois Corporation | Case No. 1:14-cv-00227-EJL |
| Plaintiff, | **ORDER** |
| v. | |
| BOSSKI, INC. an Idaho Corporation; and COLUMBIA RIVER MOTO-SPORTS, INC., an Oregon Corporation, | |
| Defendants. | |
| BOSSKI, INC., an Idaho Corporation, | |
| Counterclaimant, | |
| v. | |
| EVANSTON INSURANCE COMPANY, an Illinois Corporation, | |
| Counterdefendant. | |

Pending before the Court in the above entitled matter are the Defendant's Motion to

Dismiss and Suggestion of Mootness and Plaintiff's Motion to Vacate. (Dkt. 40, 45.) The

Motions are fully briefed and ripe for the Court's consideration. Having fully reviewed the

ORDER- 1

record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding further delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions will be decided on the record without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2014, Evanston Insurance Company ("Evanston") filed the Complaint in this matter asserting two claims against the Defendant/Counterclaimant, Bosski, Inc. for 1) declaratory judgment and 2) recoupment. (Dkt. 1.)[1] On the first claim, Evanston sought a declaration of the parties' rights and responsibilities with respect to an insurance policy Evanston issued to Bosski in relation to a lawsuit filed against Bosski by a third-party in Oregon state court (the "Underlying Action"). Evanston argued it had no duty to defend or indemnify Bosski in the Underlying Action because Bosski failed to comply with the insurance policy's Claims Reporting Provision; aka the "notice provision" of the policy. (Dkt. 1 at ¶¶ 29-30.) On the second claim, Evanston alleged because Bosski breached the notice provision of the policy, there was no coverage under the policy and Evanston was entitled to recoupment of the costs it incurred in defending Bosski in the Underlying Action. (Dkt. 1 at ¶¶ 33-34.)

On July 30, 2014, Bosski filed an Answer and Counterclaim. (Dkt. 6.) Bosski's counterclaim included two requests for declaratory judgment, an estoppel claim, and a

---

[1] The Complaint also named Columbia River Moto-Sports, Inc. as a Defendant. On March 31, 2016, a Clerk's Entry of Default was entered against Columbia River Moto-Sports, Inc. (Dkt. 28.)

request for attorney fees pursuant to Idaho Code §§ 41-1839, 12-120, 12-121 and Federal Rule of Civil Procedure 54. (Dkt. 6.) The parties each filed Motions for Summary Judgment. (Dkt. 19, 20.) While those Motions were pending before this Court, the Underlying Action was settled. Neither side informed this Court of the settlement in the Underlying Action nor made any filings with regard to the pending Motions and/or claims raised in this case as a result of the settlement.

On March 28, 2017, the Court issued its Memorandum Decision and Order (the "Order") on the Motions for Summary Judgment where in it granted Bosski's Motion for Partial Summary Judgment concluding, as a matter of law, that Evanston's recoupment claim was not permitted under Idaho law. (Dkt. 38.) The Court, however, denied Evanston's Motion for Summary Judgment determining the coverage issues required interpretation of an ambiguous insurance policy provision, the Claims Reporting Provision, and that disputed facts existed concerning substantial compliance with that provision which a jury must decide. (Dkt. 38.) After the summary judgment decision was issued, the Court held a Telephonic Status Conference with counsel to discuss how the parties intended to proceed on the remaining claims and counterclaims. (Dkt. 39.) Thereafter, the parties filed the instant Motions which the Court now takes up and finds as follows.

## DISCUSSION

### 1.    Motion to Dismiss and Suggestion of Mootness

Bosski has filed a Motion requesting that the Court 1) enter a judgment in its favor on Count Two, the recoupment claim, and 2) dismiss the remaining claims and counterclaims in this case as moot. (Dkt. 40.) The Motion is based upon the Court's Order

ORDER- 3

granting partial summary judgment in favor of Bosski on Count Two and the fact that the Underlying Action has been settled and, therefore, there is no remaining controversy that exists relevant to Count One of the Complaint. Furthermore, Bosski has agreed to dismissal of its counterclaims. Evanston filed a Notice of Non-Opposition to the Motion. (Dkt. 44.)

Having reviewed the Motion, the response in non-opposition, and entire record herein, the Court agrees that the Motion is well taken and will grant the same. For the reasons stated in the Motion, the Court will enter a Judgement in favor of Bosski on Count Two of Evanston's Complaint and dismiss the remainder of the claims in the Complaint and the counterclaims as moot.

### 2.    Motion to Vacate Memorandum Decision and Order

Evanston seeks to vacate the Court's Order deciding the summary judgment motions pursuant to Federal Rule of Civil Procedure 60(b) arguing the issues addressed in the Order were moot at the time of its issuance because the Underlying Action had been settled prior to the Order being entered. (Dkt. 45.) Bosski opposes the Motion arguing this case was not rendered moot until the Court issued its Order dismissing Evanston's recoupment claim which was still a "live, pending claim" even after the Underlying Action had been settled. (Dkt. 46.) Further, Bosski argues Evanston has not made a proper showing that vacatur is proper in this case.

Rule 60(b)(5) provides, in part, that the Court may relieve a party from a final judgment or order where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Fed.  R. Civ. P.

60(b)(5), (6). District courts considering vacatur apply an "equitable balancing test." *American Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998).[2] In doing so, the Court considers A) the consequences and hardships associated with vacatur or refusal to vacate, B) "the competing values of finality of judgment and right to relitigation of unreviewed disputes," and C) the "motives of the party whose voluntary action mooted the case." *Id.* at 1168-70 (*quoting Dilley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995)); *see also In re Aden*, No. 1:12-cv-00191-ELW, 2013 WL 4513838, at *1 (D. Idaho Aug. 23, 2013). Throughout this determination, the Court also considers the public policy implications for each of these factors. *American Games*, 142 F.3d at 1168-70. Whether to grant such relief is discretionary with the Court. *Id.*

### A)  The Consequences and Hardships Associated with Vacatur

Evanston argues vacatur is warranted because the Court's summary judgment decision addresses moot issues that were resolved in the settlement of the Underlying Action and the decision provides no guidance to future litigants. (Dkt. 45, 48.) Those arguments, nor any others made by Evanston, show any hardship or consequences that will result from denying vacatur.

Just the opposite, the Court finds there is no benefit to vacating the Order but that there are consequences and hardships that will result from granting vacatur. The settlement of the Underlying Action was made before the Court issued its Order in this case and, therefore, was presumably not reliant nor contingent in any way upon any forthcoming

---

[2] The Ninth Circuit has held that the "exceptional circumstances" rule for vacatur applies only to appellate court review. *American Games*, 142 F.3d at 1170.

decision on the pending Motions for Summary Judgment in this case being vacated. Thus, the Court's summary judgment decision in this case does not impact the settlement in the Underlying Action.

Moreover, the Court finds the Order has precedential value. Although Evanston argues at length that the decision will not provide guidance to future litigants, the Court concludes the opposite is true. (Dkt. 45, 48.) There is a general "systemic interest" in preserving district court opinions. *In re Aden*, 2013 WL 4513838, at *2 (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994)). "[J]udicial precedents are not merely the property of private litigants; rather they are 'presumptively correct and valuable to the legal community as a whole.'" *Id.* (quoting *Bonner Mall supra*). The Court's Order analyzed and discussed issues regarding insurance coverage related claims which may provide guidance to future litigants and courts faced with similar cases in Idaho. (Dkt. 38.) As discussed more below, the Court further finds that the Order has precedential value to the parties in this case.

Further, vacating the decision in this case would squander the time this Court expended in resolving the Motions for Summary Judgment. *See e.g. In re Aden*, 2013 WL 4513838, at *2. There is value in the decision in terms of its benefit to future litigants and the time and judicial resources the Court expended in crafting the Order, all of which would be lost with vacatur.

The Court finds all of these considerations weigh heavily against granting Evanston's Motion in this case.

ORDER- 6

### B)   The Competing Values of Finality of Judgment and Right to Relitigate

Evanston asserts that vacatur will not result in relitigation of unresolved disputes because the settlement of the Underlying Action has resolved this matter. (Dkt. 45.) In so stating, Evanston argues this case "was focused solely upon whether there was coverage for this claims asserted in the Underlying Action under the Policy" and that "the issues raised in this matter are focused entirely on coverage under the Policy and are resolved by settlement of the Underlying Action." (Dkt. 45 at 6.) Bosski seems to disagree with that characterization of the case by arguing in its opposition that "this case was not rendered moot until the Court issued its Memorandum Decision dismissing Evanston's…recoupment claim. Until the Court's dismissal of Evanston's recoupment claim, Evanston still had a live, pending claim…seeking the recovery of 'defense costs' from Bosski…." (Dkt. 46 at 2.) In reply, Evanston maintains that it advised Bosski that it would agree to dismiss this action, including the recoupment claim, based on the settlement well before this Court issued the decision on the summary judgment motions. (Dkt. 48.)

The Court has not seen the settlement agreement from the Underlying Action making it impossible to say definitively whether the claims and counterclaims between the parties in this case, in particular as to the recoupment claim, were addressed or resolved in the settlement agreement in the Underlying Action. Based on the record presented in this case, the Court finds the preclusive effect of vacating the summary judgment Order, especially as to the recoupment claim, weighs against vacatur because it could result in there being unresolved claims between these parties necessitating future litigation.

Evanston argues the finality of judgments is not implicated in this case because the Order was issued prior to any final judgment being entered, is moot, and is an improper advisory opinion which provides no guidance to future litigants. (Dkt. 45 at 6) (Dkt. 48.) The Court disagrees. As stated above, and unopposed by Evanston, the Court will be entering a judgment in favor of Bosski on the recoupment claim in this case based on its summary judgment decision. Thus, finality of the summary judgment decision and judgment is important and weighs against vacatur because it precludes any potential relitigation of the recoupment claim between these parties. As such, the decision is not an advisory opinion. For these reasons, the Court also denies Evanston's request that the Order be marked "not for publication." While not binding on other courts, the decision is final as to the claim resolved therein and, furthermore, the Court's analysis of both claims may be valuable to the legal community as a whole in future cases. *Bonner Mall*, 513 U.S. at 26.

### C)     Motives of the Party Whose Voluntary Action Mooted the Case

Central to Evanston argument in favor of vacatur is that the settlement of the Underlying Action was not motivated to avoid the Court's summary judgment decision. Instead, Evanston asserts, the settlement was reached prior to the summary judgment ruling being issued in this case because trial in the Underlying Action was imminent and there were concerns over the possibility of excess liability at trial. (Dkt. 45 at 3-5.) It is appropriate and important for the Court to consider the motives of the party whose voluntary actions caused the alleged mootness of a case; i.e., whether the mootness was caused by happenstance versus voluntary legal action taken by the party seeking vacatur. *See American Games*, 142 F.3d at 1169 (Considering "whether the party seeking relief

ORDER- 8

from judgment below caused the [nonjusticiability] by voluntary action."). Although the Court does not believe either of the parties settled the Underlying Action with an eye towards vacating the summary judgment ruling in this case, as stated above, the Court finds that the settlement in the Underlying Action did not render the summary judgment decision in this case moot. In particular with regard to the Court's ruling as to Count Two, Evanston's recoupment claim. Again, this Court has not seen nor was privy to the settlement in the Underlying Action and has no way of knowing if any claims by either side were preserved in the settlement of the Underlying Action. Regardless, even if the settlement did render the summary judgment Order moot and was not motivated as a means to seek vacatur, the Court still finds this consideration does not outweigh the other equitable factors discussed above weighing in favor of denying vacatur.

## CONCLUSION

Evanston has failed to show that the balance of equities weighs in favor of vacatur of the Court's summary judgment decision in this case. The settlement of the Underlying Action may not have resolved all of the claims in this case; in particular, Evanston's recoupment claim. Therefore, there is precedential and preclusive value in the Court's summary judgment Order remaining in place both to the legal system in general and, at the very least, for the raised claims in this case and these parties. Therefore, the Motion to Vacate is denied and the Order will not be marked "not for publication." As to Bosski's Motion, because there is no objection to it and the Court finds it appropriate, a Judgment will be entered in favor of Bosski on Count Two of the Complaint and the remaining claim

ORDER- 9

and counterclaims will be dismissed as moot thereby clearly, fully, and finally disposing of all of the claims and counterclaims raised in this case.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)    Defendant's Motion to Dismiss and Suggestion of Mootness (Dkt. 40) is **GRANTED**. A Judgment in favor of Bosski will be entered as to Count Two of the Complaint. Count One of the Complaint and the Counterclaims are **DISMISSED AS MOOT**.

2)    Plaintiff's Motion to Vacate (Dkt. 45) is **DENIED**.

DATED: January 2, 2018

Honorable Edward J. Lodge
United States District Court

ORDER- 10