UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, and Illinois Corporation<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BOSSKI, INC. an Idaho Corporation; and COLUMBIA RIVER MOTO-SPORTS, INC., an Oregon Corporation,<br><br>　　　　　　　Defendants. | Case No. 1:14-cv-00227-EJL<br><br>**ORDER** |
| BOSSKI, INC., an Idaho Corporation,<br><br>　　　　　　　Counterclaimant,<br><br>v.<br><br>EVANSTON INSURANCE COMPANY, an Illinois Corporation,<br><br>　　　　　　　Counterdefendant. | |

Pending before the Court in the above entitled matter is the Defendant's Motion for Attorney Fees. (Dkt. 51.) The Motion is fully briefed and ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding further delay and because the Court conclusively finds that the decisional process would not be

ORDER- 1

significantly aided by oral argument, the Motion will be decided on the record without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2014, Evanston Insurance Company ("Evanston") filed the Complaint in this matter asserting two claims against the Defendant/Counterclaimant, Bosski, Inc. for 1) declaratory judgment and 2) recoupment. (Dkt. 1.)[1] On the first claim, Evanston sought a declaration of the parties' rights and responsibilities with respect to an insurance policy Evanston issued to Bosski in relation to a lawsuit filed against Bosski by a third-party in Oregon state court (the "Underlying Action"). Evanston argued it had no duty to defend or indemnify Bosski in the Underlying Action because Bosski failed to comply with the insurance policy's Claims Reporting Provision; aka the "notice provision" of the policy. (Dkt. 1 at ¶¶ 29-30.) On the second claim, Evanston alleged because Bosski breached the notice provision of the policy, there was no coverage under the policy and Evanston was entitled to recoupment of the costs it incurred in defending Bosski in the Underlying Action. (Dkt. 1 at ¶¶ 33-34.)

On July 30, 2014, Bosski filed an Answer and Counterclaim. (Dkt. 6.) Bosski's counterclaim included two requests for declaratory judgment, an estoppel claim, and a request for attorney fees pursuant to Idaho Code §§ 41-1839, 12-120, 12-121 and Federal Rule of Civil Procedure 54. (Dkt. 6.) The parties each filed Motions for Summary

---

[1] The Complaint also named Columbia River Moto-Sports, Inc. as a Defendant. On March 31, 2016, a Clerk's Entry of Default was entered against Columbia River Moto-Sports, Inc. (Dkt. 28.)

Judgment. (Dkt. 19, 20.) While those Motions were pending before this Court, the Underlying Action was settled. Neither side informed this Court of the settlement in the Underlying Action nor made any filings with regard to the pending Motions and/or claims raised in this case as a result of the settlement.

On March 28, 2017, the Court issued its Memorandum Decision and Order (the "Order") on the Motions for Summary Judgment wherein it granted Bosski's Motion for Partial Summary Judgment concluding, as a matter of law, that Evanston's recoupment claim was not permitted under Idaho law. (Dkt. 38.) The Court, however, denied Evanston's Motion for Summary Judgment determining the coverage issues required interpretation of an ambiguous insurance policy provision, the Claims Reporting Provision, and that disputed facts existed concerning substantial compliance with that provision which a jury must decide. (Dkt. 38.)

Bosski then filed a Motion to Dismiss and Suggestion of Mootness arguing this case no longer presented a judiciable controversy because the settlement in the Underlying Action effectively resolved Evanston's first claim for declaratory judgment and this Court's ruling on summary judgment dismissed Evanston's second claim. (Dkt. 40.) Evanston opposed the Motion and filed a Motion to Vacate the Court's decision on the Motion for Summary Judgment. (Dkt. 45.) The Court denied Evanston's Motion to Vacate and granted Bosski's Motion concluding Evanston's first claim was moot in light of the settlement of the Underlying Action and the remaining claims and counterclaims should be dismissed. (Dkt. 49.) Accordingly, the Court entered Judgment in favor of Bosski on

ORDER- 3

the second claim. (Dkt. 50.) Bosski has now filed its Motion for Attorney Fees which the Court now takes up and finds follows.

## DISCUSSION

A federal court sitting in diversity applies the law of the forum state regarding an award of attorney's fees. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016 (9th Cir. 2003) (citation omitted). Idaho state law does not mandate but provides for an award of attorney fees to the prevailing party in a dispute between an insurer and insured arising under the policies of insurance under certain circumstances. Idaho Code § 41-1839(4); *see also* Idaho Code § 12–121; Idaho R. Civ. P. 54(e). Idaho Code § 41-1839(4) provides in pertinent part: "attorney's fees may be awarded by the court when it finds, from the facts presented to it that a case was brought, pursued or defended frivolously, unreasonably or without foundation." Idaho Code § 41–1839(4). Likewise, attorney's fees may be awarded to the prevailing party under Idaho Code § 12–121 only if "the Court determines that the action was brought or pursued frivolously, unreasonably or without foundation." Idaho Code § 12-121; Idaho R. Civ. P. 54(e)(2).

If the Court determines attorney's fees are warranted, the Court must then assess whether the amount of fees requested is reasonable. "In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (citation omitted). When a court makes a determination regarding the reasonableness of the amount of an award of attorney fees, it is to consider the factors set forth in Idaho Rule of Civil Procedure

ORDER- 4

54(e)(3). *Sun Valley Potato Growers, Inc., v. Texas Refinery Corp.*, 86 P.3d 475, 483 (Idaho 2004).

1. **Award of Attorney Fees**

In this Motion, Bosski argues it is entitled to an award of attorney fees as the prevailing party on the recoupment claim which was brought frivolous and without foundation. (Dkt. 51.) Evanston disagrees, arguing there is no prevailing party in this case and its recoupment claim was not frivolous. (Dkt. 52.)

   A.   **Was there a Prevailing Party**

Under Idaho law, the trial court has discretion to determine who, if anyone, prevailed in a case. *Champion Produce,* 342 F.3d at 1025; *Houpt v. Wells Fargo Bank, Nat. Ass'n*, 370 P.3d 384, 396 (Idaho 2016); Idaho R. Civ. P. 54(d)(1)(B) (the court must use "its sound discretion" in determining the prevailing party); Idaho R. Civ. P. 54(e)(1) (referring back to Rule 54(d)(1)(B)). In determining the "prevailing party," the Court considers 1) the result obtained in relation to the relief sought; 2) whether there were multiple claims or issues; and 3) the extent to which either party prevailed on each issue or claim. *Id.*; *American Semiconductor, Inc. v. Sage Silicon Solutions, LLC*, 395 P.3d 338, 353 (Idaho 2017)); *see also* Idaho R. Civ. P. 54(d)(1)(B) (the court considers "the final judgment or result of the action in relation to the relief sought by the respective parties.").

"Mere dismissal of a claim without a trial does not necessarily mean that the party against whom the claim was made is a prevailing party for the purpose of awarding costs and fees." *Chenery v. Agri–Lines Corp.*, 682 P.2d 640, 645 (Idaho Ct. App.1984). "[T]he prevailing party question is examined and determined from an overall view, not a claim-

ORDER- 5

by-claim analysis." *Am. Semiconductor*, 395 P.3d at353 (quoting *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005)). The Court "has discretion to determine that there is no overall prevailing party." *Advanced Medical Diagnostics, LLC v. Imaging Center of Idaho, LLC*, 303 P.3d 171, 173 (Idaho 2013) (quoting *Costa v. Borges*, 179 P.3d 316, 322 (Idaho 2008)).

Bosski contends it is the prevailing party in this case because it avoided all liability by virtue of the Court granting it summary judgment on the recoupment claim and the Court's granting of its Motion to Dismiss the remaining claim as moot. (Dkt. 51, 53.) Evanston argues neither party prevailed in this case because the only claim addressed on the merits was the recoupment claim but that none of Bosski's counterclaims were resolved on their merits and neither party recovered any damages or declaratory relief. (Dkt. 52.)

Taking into consideration the overall view of the result obtained in relation to the relief sought, the multiple claims and issues, and the extent to which either party prevailed on each issue or claim, the Court concludes that Bosski is the prevailing party in this action. In so concluding, the Court notes it considered the possibility that neither side prevailed in this case but finds that when viewing the case overall, Bosski is the prevailing party given the extent to which Bosski prevailed on the only claim that was decided on its merits and the fact that Bosski ultimately obtained the outcome it sought - to avoid all liability to Evanston.

Both parties in this case sought declaratory relief as to whether coverage exists under the terms of the insurance policy and whether Evanston was entitled to recoupment under the policy. Evanston brought this action seeking a declaration regarding coverage

ORDER- 6

and to recover recoupment from Bosski. In response, Bosski raised counterclaims seeking a declaration on coverage and to thwart Evanston's claims for recoupment. The settlement in the underlying action rendered the coverage claims moot and, thus, there was no resolution of the merits of the coverage issue. Bosski, however, prevailed completely on the recoupment claim. The Court's ruling on summary judgment made clear that there is no basis for Evanston's recoupment claim as a matter of law. (Dkt. 38.) On whole, Bosski obtained the result it desired by avoiding any liability to Evanston. *See Idaho Military Historical Society, Inc. v. Maslen*, 329 P.3d 1072, 1078-79 (Idaho 2014) ("Avoiding liability is a significant benefit to a defendant.") (quoting *Eighteen Mile Ranch*, 117 P.3d at 133). As such, the Court finds Bosski is the prevailing party.

### B.    Were the Claims Frivolous, Unreasonable, or Without Foundation

Bosski asserts the recoupment claim was brought, pursued, or defended frivolously, unreasonably, and without foundation because the claim raised by Evanston has been previously raised and rejected three times by federal courts in this District. (Dkt. 51.) Evanston maintains the recoupment claim was not frivolous because no Idaho appellate court has ruled on the issue, which is a matter of state substantive law, and, therefore, the recoupment claim remains an "open question." (Dkt. 52.) Further, Evanston argues the coverage claims were not frivolous and, therefore, attorney fees are not proper under Idaho Code § 41-1839 because "all of the claims brought" were not frivolous. Bosski counters that the entire case need not be frivolous in order to justify an award of attorney's fees. (Dkt. 53.)

ORDER- 7

In determining whether a case is frivolous or without foundation, courts in Idaho apply the standard required under Idaho Code § 12-121. *See Cedillo v. Farmers Insur. Co.*, 408 P.3d 886, 893 (Idaho 2017). An "award of attorney fees under Idaho Code § 12–121 is not a matter of right to the prevailing party, but is appropriate only when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Teurlings v. Larson*, 320 P.3d 1224, 1235 (Idaho 2014) (quoting *Michalk v. Michalk*, 220 P.3d 580, 591 (Idaho 2009)).

Here, the Court finds Evanston's recoupment claim to be frivolous, unreasonable, and without foundation. As stated in the Court's summary judgment ruling, the federal courts in this District have rejected this very claim no less than three times; consistently concluding that Idaho state case law clearly holds that an insurer may only recoup its defense costs if it has included an express provision for reimbursement in the terms of the policy. (Dkt. 38.) The insurance policies in this case do not contain a recoupment provision and, therefore, Evanston's claim seeking to recover for the same failed as a matter of law.

Evanston's contention that the claim is not frivolous because Idaho state courts have not directly addressed the issue ignores three important and dispositive points: 1) federal courts sitting in a diversity case apply state substantive law; 2) the clear precedent of this District has consistently rejected the claim based on Idaho state law; and 3) Evanston elected to file this case in federal court as opposed to Idaho state court where it could have pursued its claim and obtained a decision on the issue by a state court. The clear precedent in this District applying Idaho state law on this very issue is that the recoupment claim fails

ORDER- 8

as a matter of law. (Dkt. 38.) Therefore, the Court finds that Evanston's recoupment claim was frivolous, unreasonable, and without foundation.

The Court further disagrees with Evanston's argument that attorney fees should not be awarded because not all of the claims brought were frivolous. The fact that Evanston's other claim was not frivolous does not negate an award of attorney fees for the entire case. Idaho case law clearly allows courts to apportion attorney fees for those claims that are frivolous, unreasonable, and without foundation. *Idaho Military Historical Society*, 329 P.3d at 1080.

Based on the foregoing, the Court finds the recoupment claim was brought frivolously and without foundation and, therefore, an award of attorney fees as to that claim is appropriate in this case.

**2.     Amount of Attorney Fees**

Once the Court determines attorneys' fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable. "In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable." *Gracie*, 217 F.3d at 1070 (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)). The first step the district court must take is to "determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Id.* (internal quotation marks and citation omitted). Next, the district court should, where appropriate, "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), that ha[ve]

ORDER- 9

not been subsumed in lodestar calculation." *Id.* (internal citation and quotation marks omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Morales v. City of San Rafael*, 96 F.3d 359, 363 n. 8 (9th Cir. 1996).

In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984). What constitutes a reasonable fee is a discretionary determination for the trial court, to be guided by the criteria of Idaho Rule of Civil Procedure 54(e)(3). *See Sanders v. Lankford*, 134 Idaho 322, 1 P.3d 823 (Idaho Ct. App. 2000). "The factors of Rule 54(e)(3) include: time and labor; difficulty; skill required; prevailing charges; fixed or contingent fee; time limitations; amount and result; undesirability of the case; relationship with the client; awards in similar cases; costs of automated research; and any other factors." *Sun Valley Potato Growers*, 86 P.3d at 483. The Court may not single out or give undue weight to any one factor such as to exclude the other factors listed in Rule 54(e)(3). *Id.*

Bosski seeks an award of attorney fees in the amount of one-half of the total fees billed by attorneys Scott D. Hess, A. Dean Bennett, and Kirk J. Houston, $40,638, as an appropriate apportionment of the fees incurred as to the recoupment claim. (Dkt. 53.)[2] The

---

[2] Bosski originally sought an award of fees for other individuals who worked on the case but has since withdrawn any request for those individuals and seeks an award only as to the hours billed by Mr. Hess, Mr. Bennett, and Mr. Houston. (Dkt. 53 at 8, n. 3.)

ORDER- 10

hourly rates billed by these attorney are: $375 for Mr. Hess, $310 for Mr. Bennett, and $230 for Mr. Houston. These three attorneys billed a total of 244 hours. (Dkt. 53, Ex. B.)

### A. Apportionment of Attorney Fees

The Court finds the apportionment of one-half the total fees billed to be an appropriate starting point for fixing the reasonable amount of attorney fees in this case. One of the two claims Evanston brought in this matter, the recoupment claim, was frivolous. The other claim was not. Bosski necessarily had to defend against both claims and, in reviewing the record, the Court finds Bosski's work on the case was fairly evenly distributed between the two claims. For instance, Bosski's Motion for Partial Summary Judgment was solely as to Count Two, the recoupment claim. (Dkt. 19.) Evanston's Motion for Summary Judgement, on the other hand, focused on Count One, the notice claim, and Bosski's counterclaims. (Dkt. 20.) Bosski's work on the summary judgment motions was, therefore, as to both claims. While the Court ultimately granted summary judgment in favor of Bosski on the recoupment claim, the record shows that Bosski's attorneys continued to work on that claim thereafter as evidence by their response to Evanston's Motion to Vacate and Bosski's own Motion to Dismiss and Suggestion of Mootness; both of which addressed the recoupment claim. (Dkt. 40, 46.)

### B. Hourly Rates

The Court finds the hourly rates charged are reasonable in this District for this type of work and the level of experience of the attorneys. While there may be attorneys who charge lower rates for insurance defense work, the Court finds these rates are within the reasonable range for this area and type of work.

ORDER- 11

### C. Amount of Hours Billed

Finally, the Court has reviewed the amount of hours billed and the descriptions for those hours reflected in the billing as well as Evanston's opposition to the same. (Dkt. 52 and 53, Ex. B.) Having done so, the Court finds the amount of hours billed are reasonable. This case has been pending for nearly four years. The 244 total hours billed by Bosski includes reviewing filings made by Evanston; communicating with counsel, their client, and the Court; researching, drafting and preparing their own filings including an Answer, Stipulation, Motion for Partial Summary Judgment, responsive and reply briefing, and a Motion to Dismiss. Having reviewed the billing records, the Court finds the amount of time billed for the work done and the type of work is reasonable.

The Court disagrees with Evanston's argument that Bosski's decision to wait until after discovery to file its Motion for Partial Summary Judgment resulted in an unreasonable amount of additional fees. Counsel's strategical or tactical decision to delay a particular filing does not render the fees incurred during the interim unreasonable. A great many factors must be weight by counsel in making such tactical decision the result of which could have been fewer costs incurred or greater. The Court finds Bosski's decision as to when to file its dispositive motion was reasonable and that it did not result in any unreasonable increase in the amount of attorney fees in this case.

Evanston also objects to the hours expended on the initial Motion for Attorney Fees which was prematurely filed and then withdraw in June of 2017. (Dkt. 52.) Those hours might seem to be unreasonable given the premature nature of the filing, however, the Court finds the hours billed for the work done on that Motion are reasonable because that work

ORDER- 12

product was used to file the Motion for Attorney Fees now before the Court which Bosski anticipated in its Notice of Voluntary Withdraw. (Dkt. 47, 51.) Further, Bosski's current billing records do not contain additional hours for work done on the subsequent Motion for Attorney Fees filed in January 2018, therefore there is no duplication of the hours expended on preparing the attorneys' fees request. (Dkt. 53, Ex. B.) For these reasons, the Court finds the hours expended on the Motion for Attorney Fees are reasonable.

### D. Conclusion

Based on the Foregoing, the Court finds the apportionment of one-half the total amount of attorney fees, the hourly rates, and the amount of hours billed as stated in Bosski's billing record are reasonable in this case. (Dkt. 53 at Ex. B) The Court awards Bosski attorney fees in the total amount of $40,638.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Attorney Fees (Dkt. 51) is **GRANTED**.  Bosski, Inc. is **AWARDED** attorney fees in the amount of $40,638.

DATED: May 1, 2018

Honorable Edward J. Lodge
U.S. District Judge